O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

Defendants City of Los Angeles, Kathryn Paschal, Hector Gutierrez, Alan Kreitzman, Saul Paredes, and Rolando Solano have filed a motion for summary judgment. The Court DENIES without prejudice the motion on Plaintiff's § 1983 claims, and GRANTS the motion on the negligence claims.

**I.    THE § 1983 CLAIMS**

The Court would probably have granted the motion in full if the defendant officers had submitted declarations stating in more definite terms the basis for their conclusion that the private inspectors were reliable sources of information. The officers' declarations are nearly identical, and none of them establish that they had knowledge *at the time of the arrest and seizure* that Heather Holdridge and Carlos Fernandez were experts at identifying counterfeit goods. For example, Officer Paschal's declaration states, "One of the investigators for Intellectual Property Enforcement Company is Carlos Fernandez, who I *know* to be an industry expert . . .," and "One of the investigators for defendant Brand Security Corporation is Heather Holdridge, who I *know* to be an industry expert . . . ." Pascal Decl. ¶¶ 8-9 (emphasis added). Officer Paschal also states that "I *have* knowledge that defendants Heather Holdridge and Carlos Fernandez teach various law enforcement agencies, including the LAPD, in the investigation of counterfeit goods sales and that both testify regularly as experts in criminal and civil cases involving illegal sales of counterfeit goods." *Id.* ¶ 33 (emphasis added). In addition, Officer Gutierrez states in his declaration that "I *have* knowledge that 'Bapes' tennis shoes sell in the price range of $200-$300." Gutierrez Decl. ¶ 18 (emphasis added). It is not relevant that the officers have this knowledge now. The only issue is whether they had the knowledge on June 21, 2006.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

  Finally, the officers state that Holdridge and Fernandez examined the items in Plaintiff's store with the officers' assistance, but the officers do not provide any basis for the Court to conclude that they were in a position to assist Holdridge and Fernandez in identifying counterfeit goods. It is not enough for an officer to just state that "I attended a training program regarding the identification of counterfeit items . . . ." *Id.* ¶ 5. This is particularly so in light of Gabriele Goldaper's declaration that learning how to identify counterfeit goods "takes time and requires years, if not decades, of experience of working with the process of garment manufacturing and product development." Goldaper Decl. ¶ 8.

  If the defendant officers could establish via admissible evidence that they arrested Plaintiff on the basis of information and expertise provided by others that they knew provided an objectively reasonable basis for the search and seizure, that information should have been incorporated into their motion for summary judgment. They may try again by filing additional declarations by no later than February 19, 2009. If such declarations are filed and Plaintiff wishes to address or refute them with sworn evidence that would create material and genuine issues, he may do so by no later than February 26, 2009. Neither side may file any memorandum of law. The Court will issue an order as soon as possible after it receives any additional evidence. If Defendants do not file additional declarations by next Thursday the denial of their motion as to the section 1983 claims will be final and the case will be set for trial.

/ / /

/ / /

/ / /

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

## II. NEGLIGENCE CLAIMS

Plaintiff's negligence claims are time barred pursuant to California Government Code § 911.2(a). The court therefore dismisses the negligence claims against the officers and the City, with prejudice.

For the above reasons the Court GRANTS the motion in part with prejudice and DENIES it in part without prejudice.[1]

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

---

[1] Docket No. 62.