O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7379 AHM (VBKx) | | Date | February 13, 2009 |
|---|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

The Court has prepared the attached tentative order granting the motions for summary judgment brought by Defendants Intellectual Property Enforcement Company, Carlos Fernandez, John Fernandez, Brand Security Corporation, and Heather Holdridge. If Plaintiff wishes to have a hearing on this tentative order, the Court will schedule one for February 23, 2009 at 10:00am.  Plaintiff must notify the clerk by no later than February 18, 2009 if he wishes to have a hearing.  No party may file any papers in response to the attached draft.

                                                                    :
Initials of Preparer                    SMO



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**           IN CHAMBERS (No Proceedings Held)

Defendants Intellectual Property Enforcement Company, Carlos Fernandez, and John Fernandez have filed a motion for summary judgment, as have Defendants Brand Security Corporation, and Heather Holdridge (collectively "the Private Defendants"). The Court GRANTS both motions, for the reasons stated below.

Construing the Second Amended Complaint ("SAC") favorably to the Plaintiff, Plaintiff's second cause of action alleges conversion arising out of a seizure resulting from the Private Defendants' furnishing of false and fraudulent information to the Los Angeles Police Department. SAC ¶ 26. Plaintiff's third cause of action alleges negligence in that the Private Defendants "carelessly furnished and [sic] fraudulent information to the Los Angeles Police Department." SAC ¶ 36. The SAC does not specify what was false or fraudulent about the information the Private Defendants furnished.

In Plaintiff's opposition to the motions for summary judgment he claims that non-infringing goods were seized from his store and that the Private Defendants are proffering fabricated evidence of what was seized.

If these motions for summary judgment addressed a trademark infringement claim brought by an apparel manufacturer, the burden of proof would be on the trademark holder to show that the seized goods were infringing. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004) ("[The] burden of proving likelihood of confusion (that is, infringement) [remains] on the party charging infringement even when relying on an incontestable registration."). But this is not a trademark infringement case. Rather, Plaintiff alleges claims of negligence and

 O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

conversion, and to defeat the motions for summary judgment he has the burden of showing there is a genuine issue of material fact as to whether the Private Defendants furnished "false and fraudulent information" to the police. Plaintiff has failed to meet that burden. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) ("Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" (citation omitted)).

First of all, Plaintiff has not proffered evidence that would establish that any Private Defendant conveyed false or fraudulent information to the police officers — whether intentionally or negligently. His apparent assumption and contention is that in telling the officers that Plaintiff was selling counterfeit goods the Private Defendants were lying, but he has not established just what it was about such a communication that was false, other than his general contention that he did not sell such goods.

Next, as to Plaintiff's different (and procedurally dubious) contention that the goods actually seized were different than those that the Private Defendants point to, the evidence presented by Plaintiff is not sufficient to permit a reasonable juror to find for Plaintiff. He simply has not raised a genuine issue as to the veracity of the Private Defendants' specification of those goods.

Finally, it is not clear what the evidence Plaintiff does point to shows. Even assuming that the deposition of Hak Ju Ji established that the goods Ji sold to Plaintiff were legitimate, not all of the goods Plaintiff sold were sold to him by Ji and Plaintiff has produced no evidence that any of the goods seized were the ones he bought from Ji. Nor is Plaintiff's burden to demonstrate a material issue as to the legitimacy of the specific goods seized fulfilled by Ms. Chung's conclusory and self-serving assertions that "I never sold any counterfeit goods in my store Cotton Traders, including all relevant periods," and "I always confirmed that the products I purchased were authentic or at least I never consciously purchased counterfeit merchandise." Such "evidence" does not counteract the Private Defendants' showing of infringement.

//
//



O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | February 12, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

 

 

For these reasons the Court GRANTS the Private Defendants' motions for summary judgment.[1]

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

 

 

                                                _____  :  _____

Initials of Preparer   _____

---

[1] Docket Nos. 67, 70