O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

Defendants City of Los Angeles and Los Angeles Police Department ("LAPD") Officers Kathryn Paschal, Hector Gutierrez, Alan Kreitzman, Saul Paredes, and Rolando Solano (collectively "the City Defendants") have filed a motion for summary judgment or adjudication of the claims brought against them pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court **GRANTS** the motion.[1]

## I.    UNDISPUTED FACTS

The following facts are undisputed:[2] This case arises from the June 21, 2006 arrest of Plaintiff Keith Chung and the seizure of goods from his apparel store by the City Defendants, who were members of the Van Nuys vice unit. The events leading up to the arrest and seizure began when the LAPD received a tip that Plaintiff was selling large quantities of counterfeit merchandise out of his Van Nuys store. The tip was provided to the LAPD by Carlos Fernandez, the president of the Intellectual Property Enforcement Company ("IPEC"). On June 21, 2006, Sergeant Joseph Kayln, the Officer in Charge of

---

[1] On February 12, 2009, the Court dismissed with prejudice Plaintiff's negligence claims against the City Defendants. On February 24, 2009, the Court granted the motions for summary judgment brought by the other defendants in this action: Brand Security Corporation, Heather Holdridge, Intellectual Property Enforcement Company, Carlos Fernandez, and John Fernandez.

[2] This summary of undisputed facts reflects the supplemental declarations submitted by Plaintiff and Defendants.

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

the LAPD Mission Area vice unit, relayed the tip to Defendant Sergeant Rolando Solano, who was assigned to the Van Nuys vice unit. Solano states in his supplemental declaration that he learned from Kayln that Fernandez was "a counterfeit expert who had worked with Kayln many times in the past on several different cases involving sales of counterfeit goods." Solano Suppl. Decl. ¶ 7. That same day, Solano conveyed this information to the other four City Defendants. Solano also learned from Kayln that Plaintiff's store was allegedly selling counterfeit "Bapes" tennis shoes, and that Bapes was one of Fernandez's clients.

That same day, Solano and all of the other City Defendants met with Fernandez at the Van Nuys Division. At the meeting, Fernandez told the officers that Heather Holdridge observed that counterfeit goods belonging to trademark holders he represented were in Chung's store earlier that month. All of the City Defendants state in their supplemental declarations that Fernandez told them at the meeting that Holdridge was a private investigator with expertise in trademark infringement investigations. Fernandez also told the officers that Holdridge had attempted to serve Chung with a "cease and desist" letter but he continued selling counterfeit goods. At the meeting, it was decided that two undercover officers would purchase Bapes tennis shoes from Plaintiff's store and then bring the shoes outside the store so that Fernandez could determine whether the shoes were counterfeit. Officers Paschal and Gutierrez state in their supplemental declarations that they learned during the meeting with Fernandez that Bapes tennis shoes sell in the price range of $200-$300.[3]

On the afternoon of June 21, 2006, pursuant to the plan, Defendants Paschal and Gutierrez purchased a pair of Bapes tennis shoes for $70. Paschal and Gutierrez brought the shoes outside to Fernandez, who told them that the shoes were counterfeit. The City Defendants then placed Chung under arrest for possession of counterfeit merchandise for sale, a felony under California Penal Code § 350(a).

Holdridge and Fernandez then examined, item by item, all of the inventory that

---

[3] Kreitzman says he looked up the price of the shoes on the internet, but it's not clear from his declaration when he did that.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

was in the front area of plaintiff's store.[4]

The City Defendants state in their Supplemental Declarations that as Holdridge and Fernandez were evaluating these goods, they told the officers why various items were counterfeit, pointing to improper tags, stitching, and placement of designs. Each of the officers also states in his or her supplemental declaration that none of the officers made any determination on his own of which items in the store were counterfeit. Instead, they all relied on Holdridge and Fernandez. The items determined to be counterfeit were seized, and then retained by IPEC.[5]

Plaintiff was never charged or prosecuted for any crime related to the June 21, 2006 arrest and seizure of goods. On August 22, 2007, Plaintiff filed a Government Tort Claim with the City of Los Angeles. On September 19, 2007, the City denied the claim on the grounds that it was untimely because it had not been filed within one year of the incident. Plaintiff then filed an action in Los Angeles Superior Court, which was removed to this Court on November 9, 2007. On June 16, 2008, Plaintiff filed a Second Amended Complaint ("SAC"), which is now the operative pleading. The SAC alleges a § 1983 claim against the City of Los Angeles, the five officers, and five Does, for unlawful arrest and seizure of goods. The SAC also alleges negligence against the City and the officers, and conversion and negligence against Brand Security, IPEC, Holdridge, Carlos Fernandez, John Fernandez, and five Does. This Court has already dismissed the claims of negligence against the City Defendants, and all of the claims against the private defendants.

## II. THE ARREST WAS JUSTIFIED BY PROBABLE CAUSE

---

[4] The SGI states that Plaintiff does not contest that "Heather Holdridge and Carlos Fernandez then examined, item by item, all of the inventory which was in the front of plaintiff's store, in plain view, with the assistance of LAPD officers." SGI ¶ 20. Plaintiff did make an evidentiary objection that the fact is "hearsay, vague, ambiguous and unintelligible as to 'front area of plaintiff's store' . . . ." Pl.'s Objs. to Evidence at ¶ 20.

[5] Plaintiff has raised issues related to the chain of custody of the goods. These are not relevant to this motion, but are addressed in the Court's February 24, 2009 Order granting the motions for summary judgment brought by the private defendants.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

    Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that he was arrested and incarcerated without probable cause. The Ninth Circuit recently summarized the standard for probable cause to arrest without a warrant:

> Under the Fourth Amendment, a warrantless arrest requires probable cause. *See Michigan v. Summers*, 452 U.S. 692, 700 (1981). Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Alternatively, this court has defined probable cause as follows: when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough." *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) (citing *Henry v. United States*, 361 U.S. 98, 101 (1959)).

*United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

    The Court finds that in this case there is no genuine factual dispute as to probable cause because of the following unrefuted evidence: the defendant officers based the initiation of their investigation on a tip from Fernandez that Plaintiff was selling large quantities of counterfeit goods; Sergeant Kayln told Defendant Sergeant Solano that Fernandez was an expert on counterfeiting with whom he had worked several times on cases involving sales of counterfeit goods;[6] Solano passed that information on to the other defendant officers; during the officers' meeting with Fernandez on the day of the arrest, Fernandez told them that Holdridge had observed counterfeit goods being sold in Plaintiff's store earlier that month, and that Holdridge was a private investigator with expertise in trademark infringement investigations; the officers learned during the

---

    [6] *Compare United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir. 2000) (finding probable cause for search warrant based on informant's tip — even though informant had criminal record of providing false information to a law officer — because informant had previously provided reliable information).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

meeting with Fernandez that "Bapes" tennis shoes sell for $200-300; the officers subsequently purchased Bapes shoes from Plaintiff's store for $70; and Fernandez identified the shoes as counterfeit.[7]

Plaintiff disputes the characterization of Holdridge and Fernandez as experts, in part because they allegedly have only high school educations and no formal training as to the detection of counterfeit goods. SGI ¶¶ 5-6. He does not, however, dispute that the defendant officers were told by Sergeant Kayln that Fernandez had worked with the LAPD on cases involving the sale of counterfeit goods, and that Fernandez told the officers that Holdridge was an expert. Nor does Plaintiff dispute that the officers relied on Fernandez's evaluation of the tennis shoes' inauthenticity, or that the amount they paid for the shoes was far less than the going retail price.

In Plaintiff's SGI, he asserts some additional facts that call into question the qualifications and reliability of Fernandez and Holdridge, but none of which undermine the conclusion that the defendant officers had probable cause to arrest Plaintiff. First, he asserts, based on Holdridge's deposition, that Holdridge was never in Plaintiff's store before the date of the arrest, and that she instead relied on two of her employees to conduct the initial investigation. SGI ¶¶ 33-34. Further, he asserts that there is no evidence that either of Holdridge's employees is a trained expert in detecting counterfeit merchandise. SGI ¶ 35. He also refers to Holdridge's deposition testimony that she did not prepare the report submitted to the police, she just signed it. SGI ¶ 36. In addition,

---

[7] Plaintiff objects that many of the statements in the officers' declarations are hearsay. But hearsay evidence is competent and admissible to show probable cause for a warrantless arrest. *See Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006) (in case where appellant challenged the lawfulness of his warrantless arrest Ninth Circuit found arrest constitutional even though probable cause was based on hearsay, because "[p]olice may rely on hearsay and other evidence that would not be admissible in a court to determine probable cause"); 6A C.J.S. *Arrest* § 21 (2008) (treatise article on arrest or detention without warrant notes that "[r]easonable or probable cause for arrest is not limited to evidence which would be admissible on the issue of guilt, but it may be based on hearsay information. Thus reliable hearsay is competent and admissible to show probable cause. However, the weight to be given to hearsay evidence is a matter for the sound discretion of the court." (citations omitted)).

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

he notes that Fernandez was not able to identify in his deposition his reasons for determining that Plaintiff's goods were counterfeit. SGI ¶ 30. Plaintiff also submits a declaration from Gabriele Goldaper, someone with substantial experience in the apparel industry. She states that,

> There is no police officer, or even an apparel expert, that could ever make a credible determination as to an item's authenticity or lack of authenticity merely by observing it on the shelf. . . . The only accepted apparel industry method of forming a credible opinion as to whether a shoe, shirt or other apparel item is counterfeit or not, is to have a known authentic item right next to the one suspected of being counterfeit and analyze and compare it. I would look, for example, to the way each is sewn, seam allowances, number of stitches per inch, the placement of pockets, logos, and other ornamentation and labels, quality and fiber content of the fabric along with the overall construction of the item. . . . Such a thorough and careful procedure takes time and requires years, if not decades, of experience of working with the process of garment manufacturing and product development. Accordingly, the claim that officers could seize hundreds of counterfeit items in plain view makes no logical sense pursuant to industry standards.

Goldaper Decl. ¶¶ 6-8.; *see also* SGI ¶ 37, Goldaper Suppl. Decl. ¶¶ 10-13.

Plaintiff also relies on a supplemental declaration from Timothy T. Williams, a retired Senior Detective Supervisor from the LAPD. Williams states that the City Defendants should have contacted the Trademark Infringement Crimes Unit of LAPD to confirm the expertise of Fernandez and Holdridge. Williams Suppl. Decl. ¶ 6.

Finally, Plaintiff points to a "Charge Evaluation Worksheet" that was apparently filed by the Los Angeles County district attorney who decided to drop the criminal charges against Plaintiff. The Worksheet says, "Unfortunately, even though the private investigators claimed they saw merchandise from 14 different companies at the suspect's store, which merchandise they contend was counterfeit, the 'Cease and Desist' letter they delivered to the suspect only requested he discontinue the sale of the 'NIKE' products!!! When officers arrived at the scene, the other merchandise was there but all the 'NIKE' products were gone as requested, with the exception of 3 t-shirts, total value $60.00! Based on this we cannot, unfortunately, file." Choe Decl., Ex. 3.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

These factual issues do not affect the probable cause analysis. Although there may be a question as to whether Fernandez and Holdridge have the expertise of Goldaper and whether their methods were sound, the issue is whether or not it was reasonable for the officers to rely on their representations. The Court finds that, the circumstances being viewed in their entirety, it was reasonable, given Fernandez's history of working with the LAPD on cases involving the sale of counterfeit goods, and his representation to the officers that Holdridge had expertise in trademark infringement investigations. Williams's declaration does not establish that Fernandez and Holdridge were not in fact experts. Furthermore, the prosecutor's decision not to bring the case because the cease and desist letter only identified Nike products and because Plaintiff was selling very few Nike products on the day of the investigation, does not undermine the fact that the officers had good reason to rely on Fernandez's representations, or that the shoes the officers themselves bought were sold for significantly less than the going price.

In light of the undisputed evidence, the Court GRANTS summary judgment as to the § 1983 unlawful arrest claim.[8]

## III. THE SEIZURE OF GOODS WAS LAWFUL

Defendants contend that Plaintiff's section 1983 claim as to the seizure of Plaintiff's goods should be dismissed because the goods were within plain view.

The police may lawfully seize evidence in plain view when conducting a lawful warrantless search. "Additionally, the incriminating character of the evidence seized must be immediately apparent, and police may not disturb or further investigate an item to discern its evidentiary value without probable cause." Georgetown Law Journal, Annual Review of Criminal Procedure, at 69-71 (2008) (citing *Arizona v. Hicks*, 480 U.S. 321, 322 (1987)). "In *Minnesota v. Dickerson*, the Supreme Court explained that the incriminating nature of an object is immediately apparent if police have probable cause to believe an object in plain view is contraband. 508 U.S. 366, 375 (1993)." Georgetown Law Journal, *supra*, at 70 n. 181.

---

[8] Plaintiff also asserts that his rights were never read to him at the time of his arrest, and the City does not address this claim. But that claim is not made in the Complaint.

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

Plaintiff asserts that it was not "immediately apparent" to the officers that the seized goods were counterfeit because they had to rely on the evaluations of Fernandez and Holdridge to determine whether the goods were legitimate before seizing them. Plaintiff relies on *Arizona v. Hicks, supra*. But in this case, unlike *Hicks*, the officers had probable cause to seize the goods for the same reasons they had probable cause to arrest Plaintiff, including that they had received a report from Fernandez — a previously trusted informant — that Plaintiff's store was selling large quantities of counterfeit goods; the officers bought the "Bapes" tennis shoes at a price that was grossly lower than the commercial norm; and Fernandez concluded upon inspection that the shoes bought by the officers were counterfeit. Although the officers relied on Fernandez and Holdridge to evaluate whether the other seized items were legitimate, Plaintiff points to no case that renders such evaluations unlawful. Just as an officer may rely on his experience (not that of some chemist in a lab) to determine whether white powder in plain sight is a narcotic or baking soda before seizing it, so too was it permissible for the City Defendants to rely on individuals they reasonably believed to be experts in identifying counterfeit apparel.

It was reasonable for the City Defendants to rely on the representations of Fernandez and Holdridge that the goods they inspected after the arrest were counterfeits.

The Court therefore GRANTS the motion and dismisses the § 1983 claim as to the seizure of goods.

## V.    CONCLUSION

For the above reasons, the Court **GRANTS** the City Defendants' motion for summary judgment or summary adjudication.[9]

The Court directs counsel for the City Defendants to serve and lodge a proposed order reflecting all of the Court's rulings as to the summary judgment motions in this case, including as to the private defendants.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

---

[9] Docket No. 62.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7379 AHM (VBKx) | Date | March 6, 2009 |
|---|---|---|---|
| Title | KEITH CHUNG v. CITY OF LOS ANGELES, et al. | | |

This order is not intended for publication.

: 

Initials of Preparer   se