FILED
CLERK, U.S. DISTRICT COURT
AUG 2 2 2012
CENTRAL DISTRICT OF CALIFORNIA
BY / DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEITH CHUNG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF LOS ANGELES; KATHRYN PASCHAL; HECTOR GUTIERREZ; ALAN KRITZMAN; SAUL PAREDES; ROLANDO SOLANO; BRAND SECURITY CORPORATION; INTELLECTUAL PROPERTY ENFORCEMENT COMPANY; HEATHER HOLDRIDGE; CARLOS FERNANDEZ; JOHN FERNANDEZ and DOES 1 to 10, Inclusive<br><br>　　　　Defendants. | CASE NO. CV 07-07379 RT (VBKx)<br><br>**ORDER RE DEFENDANTS; BRAND SECURITY CORPORATION'S AND HEATHER HOLDRIDGE'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER**<br><br>Date:　June 26, 2012<br>Time:　9:00 a.m.<br>Crtrm.: 22 |

On June 27 and 28, 2012, Defendants BRAND SECURITY CORPORATION'S and HEATHER HOLDRIDGE'S (hereinafter collectively referred to as "Brand Security") Motion for Judgment as a Matter of Law (Dkt. 281 & 284), as to Plaintiff KEITH CHUNG'S ("Plaintiff") claims for conversion and negligence, came on for hearing in Courtroom 14, of the above-entitled Court, before the Honorable Robert Timlin, Judge presiding.

Further, Brand Security joined in Defendants INTELLECTUAL PROPERTY ENFORCEMENT COMPANY'S and CARLOS FERNANDEZ'S (collectively referred to as "IPEC") Motion for Judgment as a Matter of Law, which also came on for hearing before the court. (Dkt. 282.)

After having considered the moving papers, the evidence submitted in connection with the Motion, the Court's findings submitted in this matter, and upon the oral argument of counsel, this Court hereby grants Defendants' Motion for Judgment as a Matter of Law. (Dkt. 286 & 287.) (See also the reporter's transcript attached as Exhibit A, June 27, 2012 Trial Transcript, p. 51:16-18 and June 28, 2012, Trial Transcript, p. 34:11-15.)

The court hereby bases its ruling on Brand Security's and the other defendants' Motion for Judgment as a Matter of Law on the following grounds:

**Procedural History**

On March 9, 2009, the court entered judgment in favor of Brand Security and against Plaintiff as to Plaintiff's claims for conversion and negligence, pursuant to defendants' motion for summary judgment. (Dkt. 176.) Plaintiff's appealed the judgment on April 20, 2009. (Dkt. 182.)

On January 10, 2011, the Ninth Circuit filed a Mandate, pursuant to its December 17, 2010 Memorandum of Disposition, reversing the District Court's entry of judgment as to Plaintiff's conversion and negligence claims, remanding the case back to the District Court. (Dkt. 194.)

On June 26, 2012, the matter of *Keith Chung v. City of Los Angeles, et al.* Case No. 07-7379 commenced for trial. (Dkt. 285.)

After Plaintiff's opening statement, Brand Security moved for judgment as a matter of law as to Plaintiff's claims for conversion and negligence. (Dkt. 281, 282, & 284.) Before the court ruled on Brand Security's motion, the Court specifically asked whether Plaintiff wished to make any additional presentation of fact or argument. Plaintiff declined. (See Trial Transcript, June 27, 2012 at pp. 33:13-25; 34:1-21.)

The Court then granted Brand Security's motion as to Plaintiff's conversion claim but denied the motion as to Plaintiff's negligence claim. (Dkt. 286.) (See also Trial Transcript, June 27, 2012 at p. 50:20-51:18.)

On June 28, 2012 and after Plaintiff's case-in-chief, Brand Security again moved for judgment as a matter of law as to Plaintiff's remaining claim for negligence. (Dkt. 281, 282, & 284.) The Court granted Brand Security's Motion for Judgment as a Matter of Law as to Plaintiff's remaining claim for negligence. (Dkt. 287.)

## FINDINGS OF FACT

1. Pursuant to its Memorandum of Disposition, the Ninth Circuit held that the Los Angeles Police Department "had probable cause to seize [Plaintiff] Chung's merchandise." (Dkt. 194 at p. 5.)

2. As to Plaintiff's Conversion claim, the Ninth Circuit found that a reasonable juror could conclude that defendants replaced the seized merchandise with counterfeit merchandise; i.e. the "switch-out" theory. (Dkt. 194 at p. 9.)

3. For the merchandise that defendants produced for inspection in September, 2008, which came from Plaintiff's store, the Ninth Circuit found that defendants served "as bailees for the Los Angeles Police who in turn serve as custodians for the court." (Dkt. 194 at p. 9.)

4. Therefore, pursuant to the Ninth Circuit decision, Plaintiff's conversion claim relates solely to the "switch out" theory. (Trial transcript, June 27, 2012 at p. 51:3-10.)

5. Plaintiff admitted that his conversion claim "will not be supported by any testimony, documents or other evidence asserting any claim for any goods that were switched out, switched in or for that matter switched at all." (Dkt. 253.) (See also Trial Transcript, June 27, 2012 at p. 50:10-15.)

6. Plaintiff failed to state any facts in his opening statement to support his cause of action for conversion asserted against Brand Security or the other defendants. (Trial Transcript, June 27, 2012 at pp. 50:4-25; 51:11-15.)

~~11. As to Plaintiff's Negligence claim, the Ninth Circuit found that "the~~ standard of care in this case is a professional duty of care owed by a private investigator who investigates and identifies whether a particular personal property is authentic or counterfeit." (Trial Transcript, June 28, 2012, at pp. 30:20-31:3; Citing Ninth Circuit December 17th, 2010 Memorandum of Disposition at p. 5; Dkt. 194 at p.6.)

12. Plaintiff failed to present any evidence at trial relating to Brand Security's standard of care or the breach of that standard of care. (Trial transcript, June 28, 2012 at pp. 32:13-25; 33:1-10.)

## CONCLUSIONS OF LAW

1. A motion for judgment as a matter of law tests the sufficiency of the evidence offered in support of the other party's claim or defense. *Fed. R. Civ. P.* 50(a).

2. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury, including after opening statement. *Fed. R. Civ. P.* 50(a); Rutter Group Practice Guide: Federal Civil Trials and Evidence 13:1, 13:10, et seq. (TRG 2011); *Moore v. James H. Matthews & Co.*, 473 F.2d 328, 330

4821-6463-3360.1

3

[Proposed] ORDER RE RULE 50(a) MOTION

CV07-7379 RT (VBKx)

(9th Cir. 1972).

3. A court considering a motion for judgment as a matter of law must view the evidence in the light most favorable to the non-moving party and draw all factual inferences in the non-movant's favor. *Jones, Rosen, et al., supra*, at 13:30.

4. "Defendants at best are bailees for the Los Angeles Police Department who also serve as custodians for the court." (Trial transcript, June 27, 2012, p. 51:3-5.)

5. Pursuant to the Ninth Circuit, "[t]he only theory regarding conversion was this theory labeled, . . . "switch out." (Trial Transcript, June 27, 2012, p. 51:5-10.)

6. ~~Plaintiff is unable to prove by sufficient admissible evidence based on his opening statement that defendants converted the personal property over which Plaintiff had a possessory right.~~ (Trial Transcript, June 27, 2012, p. 51:11-15.)

7. Pursuant to the Ninth Circuit's Memorandum of Disposition, Plaintiff's negligence claim shall be treated "as a professional negligence case." (Trial Transcript, June 28, 2012, p. 31:9-11.)

8. Expert testimony is required to establish the standard of care. (Trial Transcript, June 28, 2012, p. 31:20-25.) (See also *Sanchez v. Brooke*, 204 Cal.App.4th 126, 138 (2012).

9. The "identification of counterfeit versus authentic goods in the retail industry" does not fall within the "common knowledge" exception to the requirement that expert testimony be used to establish the standard of care in professional negligence cases. (Trial Transcript, June 28, 2012, p. 32:1-12.)

10. The professional standard of care applicable to investigators, such as the individual defendants, of goods to determine their authenticity is an element of the tort of negligence, relative to Plaintiff's professional negligence claim. (Trial Transcript, June 28, 2012, p. 32:13-17.)

11. Plaintiff has the burden of proof regarding the existence of a standard of care and its particular scope. *Jambazian v. Gordon*, 25 Cal.App.4th 836, 844 (1994).

12. Plaintiff has presented no expert testimony in his case in chief regarding the standard of care or Brand Security's breach thereof. (Trial transcript, June 28, 2012 at p. 33:2-5.)

13. Absent such evidence, Plaintiff cannot prove the individual defendants breached the duty of care to Plaintiff. (Trial transcript, June 28, 2012 at p. 33:6-9.)

14. Therefore, there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on a claim for negligence against Brand Security or the other defendants.

IT IS THEREFORE ORDERED THAT judgment as a matter of law shall be entered in favor of Defendants Brand Security Corporation and Heather Holdridge and against Plaintiff Keith Chung as to the all claims against Brand Security Corporation and Heather Holdridge and that Brand Security Corporation and Heather Holdridge shall recover their costs of suit.

DATED: August 22, 2012

ROBERT J TIMLIN
───────────────────────
Hon. Robert Timlin
United States District Court Judge